WESTCHESTER COUNTY.— HON. OWEN T. COFFIN, SURROGATE.—February, 1885.

LONG *v.* OLMSTED.

*In the matter of the disposition of the real property of* CHARLES OLMSTED, *deceased, for the payment of his debts.*

The Surrogate's court from which letters have been issued to an executor or administrator has jurisdiction, under Code Civ. Pro., ch. 18, tit. 5, to decree the disposition of his decedent's real property wherever the

same may be situated, within the limits of the State, and is not confined to that found within its own county.

In a special proceeding for the disposition of a decedent's real property for the payment of his debts, a creditor other than the petitioner, whose claim has been contested and allowed cannot be awarded costs under Code Civ. Pro., § 2561, notwithstanding the *general* character of that section, inasmuch as no provision for the payment of such an award is made by § 2793; after compliance with the directions of which section, the entire proceeds of the disposition will have been exhausted.

In such a special proceeding; no costs or allowances can be granted to a petitioning creditor, the right to an award thereof, being confined, by § 2563, to the executor or administrator, and a freeholder appointed to execute the decree.

In such a special proceeding, the costs of none of the parties can be fixed or adjusted so as to be embraced in the decree directing a sale, mortgage or lease. This can be done only at the time of the entry of the supplementary decree described in § 2793.

APPLICATION by Edward B. Long, a creditor of decedent, for a decree directing the disposition of decedent's real property for the payment of his debts. The facts appear sufficiently in the opinion.

M. M. SILLIMAN, *for petitioner.*

G. R. PHŒBUS, *for Miles W. Olmsted, grantee.*

J. S. MILLARD, *for R. B. Burton, mortgagee.*

JOHN C. GULICK, *for Excelsior savings bank, mortgagee.*

GUY C. H. CORLISS, *for C. K. Corliss, creditor.*

CALVIN FROST, *for J. & E. Bird, mortgagees.*

THE SURROGATE.—No objection has been taken to the regularity of the proceedings in this matter. The applicant, it appears, had on May 3rd, 1884, obtained a judgment after a trial at law on the merits, in the Supreme Court, against Rachel Olmsted, the administratrix of Charles Olmsted, deceased, intestate, for

the sum of $4,253.23 damages, exclusive of costs. This amount consisted of a balance of a larger claim, to wit, $3,093.26, and interest thereon, $1,159.97. The petitioner having presented proper evidence of the judgment, the same became, *prima facie,* proof of his claim (Code, § 2756). The burthen was thus cast upon the contestants to show, if they could, that there should have been no recovery, that the amount was too large, that payments had been made thereon, or that there were counterclaims against the same. Considerable testimony was taken, on both sides, in relation to the amount of it, without objection, but I am unable to find, on the whole, any reason to diminish the sum. It is, therefore, allowed, with interest, but without it upon the amount of interest included in the judgment.

A part of the real estate of the decedent, described in the petition, is situated in the city and county of New York, and a part in this county. Counsel for the Excelsior savings bank, which holds a mortgage on the former, executed since the intestate's death, objects that this court has no jurisdiction to order a sale of real estate for the payment of decedent's debts, where it is situated beyond the limits of this county. This objection is not tenable. The Code (§ 2752) requires the 'petition to set forth a description of all decedent's real estate situated in this State, and further provisions require this court, in a proper case, to direct a sale thereof. If this objection were valid, and this were the only real estate of which he died seized, the Surrogate of New York having no jurisdiction, it would be impossible for simple contract

creditors to reach it in any proceeding of this character. Where this court has jurisdiction of the parties and subject matter, it draws to it the power to manage and control the real and personal estate of the decedent, wherever it may be situated, within the limits of the State. As that real estate is in the immediate possession of the descendants of the deceased, as it is most likely to produce the sum requisite to pay the debts established, and for other reasons unnecessary to state, I think it should be first sold or mortgaged. It appearing that the money necessary to pay the costs, expenses and debts established can be raised, advantageously to the persons interested in the real property, by a mortgage on that part of it situated in the city of New York, the decree will so provide.

The claim of Cyrus K. Corliss, of $740, for referee's fees is allowed, with interest. This last claim was disputed, and briefs in relation thereto were submitted. It being allowed, counsel for Mr. Corliss insists that he is entitled to costs under the provisions of § 2561 of the Code of Civil Procedure, in the discretion of the Surrogate. Although that section is general in its character, apparently extending to all cases, yet it would seem to be impracticable, in view of some subsequent sections, to enforce payment if such costs were granted. Section 2563 makes provision for allowances to be made to the executor, administrator or freeholder for his expenditures and services in a proceeding of this nature, and also for " such a further sum as the Surrogate thinks reasonable, for the necessary services of his attorney and counsel

therein." Costs, when allowed, must be awarded by the decree (§ 2559). Subd. 1 of § 2793 provides for the payment, out of the proceeds of sale, of the charges, expenses and disbursements attending the proceeding; and subd. 4 directs that, out of the remainder of the money, "must be paid the costs of the special proceeding, awarded to the petitioner in the decree." This last section prescribes minutely how the whole proceeds of sale, or the amount raised by mortgage or lease, shall be disposed of. However successful a contest may have been waged by any other person, or however he may fairly be considered entitled to be rewarded for his services, no provision is found entitling him to costs out of the proceeds. It would seem that he must be content with the joy, alone, which a successful achievement inspires. If this result were not intended, then the learned framers of the Code failed to make provision for such a case. If, therefore, costs were to be awarded to Mr. Corliss under § 2561, there is no mode of paying them pointed out by § 2793. When its directions shall have been fully complied with, the whole proceeds will have been otherwise disposed of. I must, therefore, decline to allow him costs, as such allowance does not seem to be within the purview of the statutes on the subject.

There remains a novel question, as to whether the petitioning creditor, who instituted these proceedings and has conducted them to this point, is entitled to allowances under § 2563, especially at this stage of the proceeding. He is neither an executor, administrator or freeholder contemplated and provided for in

that section. The "petitioner" is not there men-
tioned. A freeholder can only be appointed, after
the decree to mortgage, etc., has been made, and the
executor or administrator shall refuse to give the
bond, to secure the payment into court of the pro-
ceeds. The administratrix in this case has, in no
way, appeared in this proceeding. Can allowances
be now granted to her for services performed, not by
her, but by the petitioning creditor? And yet, if
allowed at all, it is contended it must be done by the
decree about to be entered. She may come in and
execute the decree, and then might claim the allow-
ance, as authorized to be made to her by the section
referred to. If she refuse to give the bond, to enable
her to execute the decree, a freeholder must be ap-
pointed. As such an event cannot now be antici-
pated, and such appointment cannot precede the
entry of the decree in which, it is claimed, the allow-
ance must be fixed, I do not see how, by this decree
to mortgage, etc., it can be made to a freeholder, at
all; and as the decree must direct the administratrix
to mortgage, sell, etc., must not the allowance, if any,
be made to her? I think it must, if done at this
time. Ordinarily, she would, therefore, be entitled to
any sum fixed; and would be in this case, were it not
for the provisions of § 2793. Under subd. 4 of that
section, already referred to, costs are to be paid only
to the petitioner; and she is not the petitioner, but
then as the section stands, it would seem that they
must be paid as awarded by the decree, and by it, as
has been shown, they could now only be awarded to
the executor, or administrator. So that, apparently,

in order to their allowance and recovery the execu-
tor or administrator must also be the petitioner, and
in such a case as this, no one could recover costs.
Such a result could hardly have been intended. By
a slight transposition of the words of the sentence, so
that it should have read: "must be paid to the peti-
tioner the costs of the special proceeding awarded in
the decree," every case would have been included,
whether commenced by an executor, administrator or
creditor. The proceedings, up to the decree of sale,
are substantially the same, and involve the same
amount of labor, whether instituted by the legal rep-
resentative or a creditor, and where done by the
latter, no reason is discovered why he should not
have the same compensation for like services as the
former.

But I think the counsel for the creditor is mistaken
in supposing that the costs must be inserted in the
decree directing the sale or mortgaging of the prem-
ises. Down to the entry of that decree, only a part
of the work will have been done, and the allowance
for services of an attorney throughout the proceeding
could not then be understandingly made. But after
the necessary amount shall have been raised, by the
execution of that decree, then by § 2791, the Surro-
gate must, by a supplementary decree, determine the
rights of the creditors and other persons interested,
to share in the proceeds, and direct the distribution
thereof accordingly. By the next section it is pro-
vided that each supplementary decree must fix the
sums to be paid or invested as prescribed in the fol-
lowing sections. The next section (2793, above re-

ferred to), in subd. 1, directs the payment of the charges and expenses, etc., and in subd. 4, directs the payment of the costs awarded to the petitioner in the decree. Hence the amount of those costs can only be fixed by the supplementary decree, and they must be directed, by that decree, to be paid to the petitioner. Therefore, whether the first decree be executed by the administrator or by a freeholder, the costs belong to the petitioner, while the person executing it will be entitled to the charges and disbursements provided for in the first subdivision of that section. Mr. THROOP, in a note to the fourth subdivision, remarks as follows: "No express provision was made, in the former statute, for the payment of the petitioner's costs, and this appears to be the place where they should, in fairness, be provided for." This cannot properly be regarded as in conflict with the provisions of § 2563, which says the executor, administrator or freeholder "may" be allowed a sum for services of counsel. Such allowance is left to the discretion of the Surrogate, and it is not probable that any would be made to either of those persons, unless he were the petitioner in the proceeding. That section is merely permissive, while §§ 2791, 2792 and 2793 are imperative in their language.

Although the costs cannot now be adjusted and entered in the decree to mortgage, and, therefore, the precise amount which must be raised by the mortgage cannot be determined with mathematical accuracy, yet a sufficiently close approximation can be made to enable the sum to be fixed.

The costs, to be adjusted, will, therefore, be inserted

only in the supplementary decree, and, should there remain a surplus, it will be disposed of by that decree, as directed by the sections last mentioned.